IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
|  | * |  |
| **RIGOBERTO GUEVARA LOPEZ,** *et al.* | * |  |
| **Plaintiffs,** | * |  |
| **v.** | * | **Case No.: PWG-14-2156** |
|  | * |  |
| **UNITED STATES OF AMERICA** | * |  |
| **Defendant.** | * |  |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Federal Tort Claims Act case arises out of a three-vehicle collision in Washington, D.C.  Before filing their claims with the Government and commencing this case, Plaintiffs submitted claims under a Personal Injury Protection insurance policy.  Defendant has moved to dismiss on the grounds that, under District of Columbia ("D.C.") law, Plaintiffs' election for Personal Injury Protection is in lieu of bringing a civil suit. Plaintiffs oppose the motion, arguing that they later withdrew the election and did not intentionally waive the right to bring a civil suit. Because I find that Plaintiffs' purported withdrawal was too late and that knowing waiver of a civil suit is not required under D.C. law, I must grant the motion and dismiss the personal injury claims asserted in this case.

## I.      BACKGROUND

This civil action arises out of a three-vehicle collision in Washington, D.C. on September 21, 2012, in which a vehicle driven by Donovan Blair Astwood, an employee of the U.S. Department of State, allegedly struck a vehicle driven by non-party Jordan Etkin, which, in turn,

rear-ended a vehicle owned and driven by Plaintiff Rigoberto Guevara Lopez.  Compl. ¶¶ 8–10.

Lopez and his passenger, Plaintiff Luis Perez Villatoro, both Maryland residents, were injured in

the collision.  *Id.* ¶¶ 2–3,14,18.

On April 15, 2013, both Lopez and Villatoro filed claims with the Department of State as

required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a).  Lopez SF-95, Def.'s

Mem. in Supp. of Partial Mot. to Dismiss Pursuant to Rule 12(b)(1), or in the Alternative, Rule

12(b)(6) ("Def.'s Mem.") Ex. 1, ECF No. 18-2; Villatoro SF-95, Def.'s Mem. Ex. 2, ECF No.

18-3.[1]  Both disclosed that they had previously submitted a claim under Lopez's Personal Injury

Protection ("PIP") insurance policy regarding the same collision for which they sought to

recover against the United States under the FTCA.  Lopez SF-95; Villatoro SF-95.  On July 3,

2014, a year and nine months after the collision and more than six months after filing their

administrative claims, Plaintiffs filed their complaint in this Court alleging two counts of

negligence against Defendant United States of America—one on behalf of Lopez and one on

behalf of Villatoro—under the FTCA, 28 U.S.C. § 2671 *et seq.*  Compl.  On November 19, 2014,

more than two years after the collision, Plaintiffs sent a letter to Lopez's insurer, State Farm Fire

& Casualty Company ("State Farm"), returning the checks previously issued under Lopez's PIP

coverage and purporting to withdraw Plaintiffs' PIP claims.  Letter from David J. Martin to

Vincent Reyes, Jr. (Nov. 19, 2014), Def.'s Mem. Ex. 3, ECF No. 18-4.

On January 20, 2015, Defendant filed its Partial Motion to Dismiss Pursuant to Rule

12(b)(1), or in the Alternative, Rule 12(b)(6), ("Def.'s Mot."), ECF No. 18, with a supporting

Memorandum, Def.'s Mem., seeking do dismiss Villatoro's claim in its entirety and Lopez's

claim to the extent that it seeks damages for personal injuries, arguing that those claims are

---

[1] Although both forms are dated December 13, 2012, Plaintiffs have alleged, and Defendants do
not dispute, that they were filed in April 2013.  Compl. ¶ 7; Def.'s Mem. 2.

barred under the District of Columbia Compulsory/No-Fault Vehicle Insurance Act (the "No-Fault Act"), D.C. Code § 31-2405, because they elected to receive PIP coverage in lieu of a civil suit.[2]   Plaintiffs filed their opposition on February 5, 2015, Pls.' Opp'n, ECF No. 19, and the Government has replied, Def.'s Reply, ECF No. 21.   Having reviewed the filings, I find a hearing is not required.  Loc. R. 105.6.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This Rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing the standard from *Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] Defendant does not seek to dismiss Lopez's claim insofar as it seeks property damage, which is not covered by PIP.  *See* D.C. Code § 31-2404(a) ("Personal injury protection shall provide coverage for victims for injuries arising from accidents" including "benefits for medical and rehabilitation expenses, work loss, and funeral benefits")

misconduct alleged." *Iqbal*, 556 U.S. at 663. When ruling on such a motion, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

That said, "'factual allegations must be enough to raise a right to relief above a speculative level.'" *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545). Particularly, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Additionally, Plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar any recovery. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense").

"Matters outside of the pleadings are generally not considered in ruling on a Rule 12 motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). However, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (emendations in original)). In the Fourth Circuit, documents referenced and relied upon by the Plaintiff can be considered without converting a motion to dismiss into a

motion for summary judgment.  *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484

F.3d 700, 705 (4th Cir. 2007); *HQM, Ltd. v. Hatfield*, 71 F. Supp. 2d 500, 502 (D. Md. 1999).

## III.    DISCUSSION

The United States moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), or in the

alternative, Fed. R. Civ. P. 12(b)(6).  Def.'s Mot.  However, it has not cited any authority that

holds that an election to receive PIP coverage deprives the court of subject matter jurisdiction.

Rather, this appears to be an affirmative defense—once an election for PIP coverage is made, the

right to bring a civil suit for personal injuries is waived.  *Cf.* Fed. R. Civ. P. 8(c).  Accordingly, I

will treat the Government's motion as a motion to dismiss for failure to state a claim upon which

relief can be granted, rather for lack of subject matter jurisdiction.

### A.  Choice of Law & District of Columbia's No-Fault Act

The parties have agreed that, because the collision took place in Washington, D.C., the

substantive law of the District of Columbia applies.  Compl. ¶ 6; Def.'s Mem. 3; *see Richards v.*

*United States*, 369 U.S. 1, 11 (1963) (in FTCA actions, the law of the state where the alleged

misconduct occurred governs tort liability, including the nature and measure of damages to be

awarded).  Although *Ward v. Nationwide Mut. Auto. Ins. Co.* creates the possibility that, based

on traditional choice-of-law principles, Maryland law could govern the effect of an election of

PIP or no-fault coverage under a Maryland insurance policy, 614 A.2d 85 (Md. 1992) (applying

District of Columbia law to insurance policy executed in D.C. even though accident occurred in

Maryland), I will not second guess the parties' position that D.C. law applies to all aspects of this

case.

The District of Columbia's No-Fault Act seeks to make it easier for victims of an

accident to receive compensation for their injuries by requiring all vehicle owners to purchase

insurance that will cover damages from a motor vehicle accident regardless of fault.  *See* D.C. Code § 31-2101 *et seq.*  In addition, an insured may purchase optional personal injury protection, which compensates an injured party for, *inter alia*, medical expenses and lost wages arising out of an accident.  § 31-2404.  Although PIP benefits allow for a payment without the need for litigation or a showing of fault, *see* D.C. Code § 31-2404(b) ("personal injury protection shall be provided without regard to, and irrespective of, negligence, freedom from negligence, fault, or freedom from fault on the part of any person"), the No-Fault Act requires a claimant to waive the right to bring a civil action for his injuries.  As provided in § 31-2405:

> (a) A victim shall notify the personal injury protection insurer within 60 days of an accident of the victim's election to receive personal injury protection benefits.
> (b) A victim who elects to receive personal injury protection benefits may maintain a civil action based on liability of another person only if [he has suffered a severe injury as described in the statute or his medical expenses exceed his PIP coverage].
> . . . .
> (e) The 60-day election period may be extended upon the mutual written agreement of the victim and the insurer.

D.C. Code. § 31-2405.

Thus, it is apparent—and the parties do not dispute—that as a general rule (and subject to exceptions that do not apply here) a party who elects PIP benefits is barred from seeking additional damages in a subsequent civil action even if he otherwise would be entitled to them.

**B.  Effect of Plaintiffs' PIP Election**

First, Plaintiffs deny that they "elected" to receive PIP benefits in the first place or, alternatively, claim that any election was invalid because it was not made knowingly and intelligently.  Pls.' Opp'n 2.  Plaintiffs do not dispute that they "initially claimed PIP benefits," *id.*, and "[t]he plaintiffs' submission of their applications for PIP benefits clearly indicates their election to receive PIP benefits." *Ward v. Nationalwide Mut. Auto. Ins. Co.*, 614 A.2d 85, 86 n.1

(Md. 1992).   Thus, Plaintiffs' semantic quibble that they claimed—yet somehow did not "elect"—PIP benefits is an unavailing distinction without a difference.

Plaintiffs' fall-back argument—that an election of PIP benefits must be knowing, intelligent, and voluntary—fares no better.  This exact argument already has been addressed and rejected by the District of Columbia Court of Appeals in *Lee v. Jones*, 632 A.2d 113, 116 (D.C. 1993) (rejecting the argument that a PIP election "is open to collateral inquiry as to whether the election was knowing, intelligent, and conscious").

Plaintiffs attempt to distinguish *Lee* on its facts: whereas the insurer in *Lee* provided its insured with a clear notice of the effect of electing PIP coverage under D.C. law, Plaintiffs' insurer did not do so under Plaintiffs' Maryland insurance policy.  *See* Pls.' Opp'n 3.  Plaintiffs argue that they could not have known the effect of an election because Maryland law would not have required them to waive a civil action by their election.  *Id.*  It is particularly relevant to this argument that D.C. law requires notice to be given to an insured before they elect PIP benefits and waive the right to a civil action, *see* D.C. Code § 31-2405, whereas "there is no such penalty for electing PIP benefits in Maryland," Pls.' Opp'n 3.  Though this argument has some appeal, this is only because it follows the choice of law rules applied by the Maryland Court of Appeals in *Ward*, 614 A.2d at 247, which relied on the principle of *lex loci contractus* to protect the intentions of the insurer and insured as contracting parties.

But in agreeing that the law of the District of Columbia governs this case, Plaintiffs have not shown that D.C. courts would apply Maryland law in this instance.[3]   And although *Lee* does

---

[3] The parties' agreement that D.C. law applies is particularly important because the FTCA provides that the liability of the United States is limited to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  The parties have not provided any indication as to whether or how D.C. courts would apply foreign law in ruling on the effect of a

place some relevance on the notice provided by the plaintiff's insurer, it appeared to rely primarily on the language of the statute itself, which limits "the litigation rights of any victim choosing PIP coverage once that option is elected." *Lee*, 632 A.2d at 115.  And even if the lack of express notice may distinguish this case from *Lee*, Plaintiffs here also "sought advice of counsel before" electing PIP coverage, so that at the very least their counsel is expected to know the effect of an election before making it.  *Lee*, 632 A.2d at 116.

Plaintiffs also take issue with the D.C. Court of Appeals' definition of "election," relying on Maryland case law and dictionary definitions.  Pls. Opp. 4.  However, in applying the law of the District of Columbia, I am bound to follow the interpretations of D.C. courts.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Plaintiffs' arguments relying on dictionary definitions not adopted by the D.C. courts simply are inapposite.

### C.  Plaintiffs' Purported Withdrawal of PIP Election

Plaintiffs' alternative argument is that, even if they validly elected PIP, they withdrew that election and never received the benefits because they returned the checks to Lopez's insurer.  Pls.' Opp'n 5–8.  Although Plaintiffs correctly note that the existing case law deals with plaintiffs who cashed their PIP checks, *see, e.g.*, *Lee*, 632 A.2d at 114, they have not pointed to any case or statutory text that makes the receipt of PIP benefits relevant to the question of waiver.  To the contrary, the No-Fault Act refers only to "[a] victim who *elects* to receive personal injury protection benefits," D.C. Code § 31-2405(b) (emphasis added), not a victim who receives such benefits.

Further, there is substantial support for the view that an election for PIP, once made, is irrevocable.  In *Lee* the court noted that "section 35-2105(b) [now § 31-2405(b)] explicitly limits

---

PIP election.  *See Richards v. United States*, 369 U.S. 1, 14 (1962) (state conflict of law rules apply in actions against the United States).

the litigation rights of any victim choosing PIP coverage *once that option is elected*."  632 A.2d at 115 (emphasis added); *see also Ward*, 614 A.2d at 90 ("Section 35-2015(b) [now § 31-2405(b)] restricts tort lawsuits by a victim who elects to receive PIP benefits.").

And even if an election for PIP is revocable, allowing Plaintiffs to revoke their election over a year and a half after the collision would do significant violence to the terms of the No-Fault Act.   Under the Act, "a victim shall notify the personal injury protection insurer within 60 days of an accident of the victim's election to receive personal injury protection benefits," D.C. Code § 31-2405(a), although that period is subject to extension "upon the mutual written agreement of the victim and the insurer."  § 31-2405(e).  Here, Plaintiffs not only did not revoke their PIP election before the sixty-day period had elapsed (apparently without extending it), but they did not do so—and did not return the checks from Lopez's insurer—until nearly two years later, and several months after they had commenced this suit.  Letter from David J. Martin to Vincent Reyes, Jr. (Nov. 19, 2014), Def.'s Mem. Ex. 3.  I need not determine whether a revocation is valid within the sixty-day election period to conclude that an election over two years later would eliminate the relevance of the period altogether: all a prudent plaintiff would need to do is to seek PIP benefits immediately after an accident and then keep the check in his pocket until he had decided not to proceed with a tort suit or had settled any tort claims.  This would make a mockery of the "strict statutory requirements as set forth in the No-Fault Act," *Smith v. Wash. Metro. Area Transit Auth.*, 631 A.2d 387, 391 (D.C. 1993), and cannot be squared with the statute.  At the very least, Plaintiffs have waited far too long to revoke their election (if they even could do so in the first place) and have cited no authority that they can do so at this time.

## IV.    CONCLUSION

For the aforementioned reasons, Defendant's Partial Motion to Dismiss will be GRANTED, and Plaintiffs' claims for personal injuries will be DISMISSED.

A separate order will issue.


Dated: <u>August 3, 2015</u>                                       _____/S/_____
                                                                                        Paul W. Grimm
                                                                                        United States District Judge

dsy