**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **RIGOBERTO GUEVARA LOPEZ et al.,** | * | |
| PLAINTIFFS, | * | |
| v. | * | Case No.: PWG-14-2156 |
| **UNITED STATES OF AMERICA,** | * | |
| DEFENDANT. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On August 17, 2015, Plaintiffs Rigoberto Lopez and Luis Villatoro filed a motion to reconsider, Pls.' Mot., ECF No. 27, and accompanying memorandum, Pls.' Mem., ECF No. 27-1, with respect to this Court's August 3, 2015, memorandum opinion and order, Mem. Op., ECF No. 23, granting in part Defendant's motion to dismiss with respect to Plaintiffs' personal injury claims.[1] Plaintiffs argue for the first time that Maryland substantive law should apply with respect to whether they are barred from bringing their claims after having elected to receive certain personal injury protection ("PIP") benefits. *See* Pls.' Mem. 3. Additionally, Plaintiffs repeat an argument previously rejected by this Court that they should not be treated as electing PIP benefits and barred from bringing their personal injury claim because they did not cash their PIP checks. *See* Pls.' Mem. 8. Because Plaintiffs (i) raise the argument that Maryland law should apply for the first time after previously conceding that Washington, D.C., law applied and have not shown any clear error of law, (ii) repeat the argument, previously rejected by this Court,

---

[1] The motion is ripe for consideration. Defendant filed its timely opposition. Opp'n, ECF No. 29. Plaintiffs did not file a reply, and the time to do so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6.

that electing PIP benefits should not preclude them from bringing personal injury claims, and (iii) fail to show any other adequate grounds for relief from the August 3, 2015, order, Plaintiffs' motion to reconsider will be DENIED.

Plaintiff moves "pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 105(10) . . . ." Pls.' Mem. 1. A party may move to alter or amend a final judgment under Rule 59 within twenty-eight days of the judgment's issuance, or for relief from a final judgment under Rule 60 after more than twenty-eight days have elapsed. *See MLC Auto., LLC v. Town of So. Pines*, 532 F.3d 269, 277–80 (4th Cir. 2008); *Knott v. Wedgwood*, No. DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014). But, Rule 54(b) governs any motion to alter, amend, or reconsider an order that is not a final judgment. *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991)). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). As Defendant correctly indicates, *see* Opp'n 2 n.1, the order Plaintiffs ask me to reconsider was an interlocutory order that dismissed only Plaintiffs' personal injury claims and left Lopez's property damage claims pending; therefore, I will construe Plaintiff's motion as a Rule 54(b) motion for reconsideration. *See Cezair*, 2014 WL 4955535, at *1; Fed. R. Civ. P. 1.

The Fourth Circuit has not stated a standard for review of a Rule 54(b) motion, but it has said that, "generally at least, a review of an interlocutory order under Rule 54 is not subject to the restrictive standards of motions for reconsideration of final judgments under Rule 60."

*Fayetteville Investors*, 936 F.2d at 1472; *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (same). Nor is the standard for Rule 59(e) binding on review under Rule 54. *See Am. Canoe Ass'n*, 326 F.3d at 514; *Cezair*, 2014 WL 4955535, at *1. Nonetheless, "courts frequently look to these standards for guidance in considering such motions." *Cezair*, 2014 WL 4955535, at *1; *see Peters v. City of Mt. Rainier*, No. GJH-14-955, 2014 WL 4855032, at *3 n.1 (D. Md. Sept. 29, 2014) (looking to Rule 60(b) standard); *Harper v. Anchor Pkg. Co.*, Nos. GLR-12-460 & GLR-12-462, 2014 WL 3828387, at *1 (looking to Rule 59(e) standard); *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) (applying Rule 59(e) standard).

A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Rule 60(b) provides overlapping, but broader, bases for relief from a court order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Fourth Circuit has stated in dicta that these "rules of constraint . . . make sense when a district court is asked to reconsider its own order" because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest

installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452–53 (4th Cir. 2005) (quoting *Potter*, 199 F.R.D. at 553); *see Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988) (observing that a motion for reconsideration "is not a license for a losing party's attorney to get a 'second bite at the apple'"). "When parties file a motion with this court, they are obligated to insure that it is complete with respect to facts, law and advocacy." *Potter*, 199 F.R.D. at 553.

Plaintiffs are attempting two second bites at the apple. First, Plaintiffs argue that Maryland law, not Washington, D.C., law, should apply to whether PIP election waives Plaintiffs' ability to bring their personal injury claim. Plaintiffs do not identify any change in controlling law or present previously unavailable factual material bearing on the matter. Rather, after initially conceding that "the substantive law of the District of Columbia applies in this matter," Compl. ¶ 6, ECF No. 1, and failing to contest this issue in their opposition to Defendant's motion to dismiss, they are for the first time arguing that Maryland law should apply to their claim. Plaintiffs have presented no evidence whatsoever that they were unable to make this legal argument when briefing originally occurred on Defendant's motion to dismiss. This failure to present the legal argument originally by itself provides grounds for denying Plaintiffs' motion.

Moreover, Plaintiffs' own filings demonstrate how they have not met their burden for reconsideration. Plaintiffs acknowledge that

> [a] close review of the applicable case law reveals that there is a lack of binding authority addressing the same facts, i.e., whether a Maryland resident who initially elects Maryland PIP pursuant to an insurance contract executed and delivered in the States of Maryland, is thereafter barred from bring [sic] a third party tort action for an automobile accident occurring in the District of Columbia.

Pls.' Mem. 7. Even if I ignore Plaintiffs' admission that Washington, D.C., law is the appropriate law to address their claim and look past their failure to address the choice-of-law issue in their opposition, Plaintiffs admit that there is no "binding authority" that would require me to rule in their favor. Therefore, there is no clear error of law that would support Plaintiffs' motion to reconsider. *See Robinson*, 599 F.3d at 411.

Second, Plaintiffs argue that that they should not be treated as electing PIP benefits and barred from bringing their personal injury claims because they did not cash their PIP checks. *See* Pls.' Mem. 8. I rejected this argument in my prior ruling. *See* Mem. Op. 8–9. "[I]t was improper to use [a Rule 59(e)] motion to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 320 (D. Md. 2014) (quoting *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Plaintiffs are doing just that in arguing that it is a manifest injustice to dismiss their personal injury claim in light of the fact that they did not cash their PIP check. This repetition of an old argument, already rejected by this Court, is not grounds to grant Plaintiffs' motion to reconsider.

In sum, Plaintiffs have not shown grounds for reconsidering the August 3, 2015 memorandum opinion and order under Rule 54(b). Plaintiffs' motion to reconsider, ECF No. 27, will be denied.

On the same day that Plaintiffs filed their motion to reconsider, Defendant filed a motion for extension of time to file an answer. *See* Def.'s Mot., ECF No. 28. Having denied Plaintiffs' motion to reconsider, I will grant Defendant's motion so that it may file an answer with respect to Lopez's remaining claim.

**<u>ORDER</u>**

Accordingly, it is this 10th day of March, 2016, hereby ORDERED that Plaintiffs' motion to reconsider, ECF No. 27, is DENIED, and Defendant's motion for extension of time, ECF No. 28, is GRANTED.  Defendant shall file its answer with respect to Lopez's remaining property damage claim by no later than April 8, 2016.

So ordered.

/S/<br>Paul W. Grimm<br>United States District Judge

dpb